DENNIS JACOBS, Circuit Judge, concurring:
I subscribe to the meticulous opinion of the Court.
The issue of actual innocence is an uncomfortably close question here. Since, in my view, Hyman's underlying claim of ineffective assistance of counsel fails, Hyman's inability to establish the gateway claim of actual innocence does not alter the result. Still, it bears notice that actual innocence is a hurdle raised high by precedents, presumptions, standards of review, and strict deference to state court rulings that (in my view) command deference without necessarily earning assent.
The new evidence propounded by Hyman amputates chunks of the prosecution case presented at trial. Hyman was certainly present; but Ellis, apparently the only witness who testified about seeing seen Hyman at the scene, credibly recanted her testimony that she saw him fire a gun; moreover, she testified that she was threatened with a gun to inculpate Hyman. And although the district court was skeptical of Ellis's account of the gunman, the thrust of her testimony is supported by other evidence adduced by Hyman: Benitez's testimony that Ellis and Ellis's boyfriend asked Benitez to lie about what she saw the night of the shooting. These recantations raise nagging doubts when considered with the disturbing fact that the gun supposedly used by Hyman just before he fled the scene by car was found in the spare-wheel well of the locked trunk of someone else's car parked at the scene.
As the Court's opinion makes plain, Hyman's actual innocence claim is "credible." Op. at 662. However, the limits on our review compel the conclusion that the evidence is insufficiently "compelling" to clear the gateway finding of actual innocence. We are forced to this conclusion because, as the Supreme Court has instructed, it is not enough to show that the prosecution's case is lacking: a petitioner must set forth evidence of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). This standard defeats Hyman's claim. But it is worth mentioning that, if Hyman were on trial today and the prosecution's case were critically impaired as it now is, Hyman would not have to establish his own innocence.
We are required to give deference and to observe these strong limitations on our own power. But we are not required to do so without disquiet. I have a strong doubt that the victim was killed by a bullet fired by Hyman from a gun that unaccountably turned up hidden in a place inaccessible to him. I concede that that doubt is not enough.
* * *
I commend this case to the attention of the Governor, who alone has power to grant relief if relief is justified. See, e.g., Fox v. Johnson, 832 F.3d 978, 990 (9th Cir. 2016) (Hurwitz, J., concurring). In making *672 that determination, the Governor's inquiry would be greatly advanced by the detailed account of facts in the opinion of the Court.